IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

ELLA W. FIELDS,                         :
                                        :
    Plaintiff,                          :
                                        :
vs.                                     :
                                        :   CIVIL ACTION 14-0291-M
CAROLYN W. COLVIN,                      :
Social Security Commissioner,           :
                                        :
    Defendant.                          :

MEMORANDUM OPINION AND ORDER

    In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18). Oral argument was waived (Doc. 19). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

    This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and

1

Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Fields was forty-eight years old, had a high school education[1] (Tr. 189), and had previous work experience as an internal combustion engine assembler helper, front desk receptionist, and sales representative (*see* Tr. 29).  In claiming benefits, Plaintiff alleges disability due to cervical disc disease with cervicalgia, epicondylitis, major depressive disorder, pain disorder, and personality disorder (Tr. 21; *see also* Doc. 13 Fact Sheet).

The Plaintiff filed protective applications for disability benefits and SSI on April 5, 2011 (Tr. 116-28; *see also* Tr. 18). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Fields was unable

---

[1]**Error! Main Document Only.**Plaintiff stated on a Social Security Administration form that she had received a Graduate Equivalency Degree (Tr. 189).

to perform her past relevant work, she was capable of performing specified light exertion jobs (Tr. 18-31). Plaintiff requested review of the hearing decision (Tr. 9-12) by the Appeals Council, but it was denied (Tr. 1-5).

In bringing this action, Fields claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Plaintiff alleges the following:  (1) The ALJ did not properly consider the evidence rendered by a consultative Psychologist; and (2) the ALJ did not properly develop the record (Doc. 13). Defendant has responded to—and denies—these claims (Doc. 14). The relevant evidence of record follows.[2]

On July 13, 2011, Psychologist Nina E. Tocci examined Fields for a psychological evaluation at the request of the Social Security Administration (hereinafter *SSA*) (Tr. 423-47). When Tocci asked Plaintiff her reason for seeking disability, she responded by stating:  "'My arms, wrist, neck, back [sic] my whole body just aches;'" she denied having ever received treatment for mental health issues (Tr. 423). The Psychologist noted uncontrollable crying at times; affect was appropriate while her mood was not good. Plaintiff was oriented in four spheres, had focused attention and concentration, and demonstrated a fair fund of information and comprehension;

---

[2]Plaintiff's claims require the Court to evaluate only evidence concerning her mental impairments.

3

thought content was logical and organized.  Fields had some insight into her behavior and evinced fair social judgment; Tocci indicated that she was functioning within the average range of intellectual ability.  The Psychologist's impression was Major Depressive Disorder, Recurrent Pain Disorder, and Personality Disorder, NOS; she indicated that the prognosis was poor.  In summarizing her findings, Tocci stated as follows:

> Currently she experiences chronic pain, crying spells, feelings of worthlessness, isolation, cognitive clouding, impaired appetite and sleep.  She would benefit from intensive psychotherapy with a psychologist.  With appropriate and intensive therapy she could also benefit from referral to Adult Vocational Rehabilitation for career retraining and employment support.  She should be re-evaluated after a year of psychotherapy to determine her emotional stability and work suitability.  Currently, she would have difficulty remembering, learning, performing, and completing tasks to specification in a timely manner.

(Tr. 426).

On July 25, 2011, Joanna Koulianos, a non-examining State Psychologist reviewed the record medical evidence and completed a Psychiatric Review Technique form in which she found that Fields had a Major Depressive Disorder, Recurrent, Pain Disorder, and a Personality Disorder, NOS (Tr. 428-41).  The Psychologist determined that Plaintiff suffered mild restriction of activities of daily living, moderate difficulties in

4

maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace.  Psychologist Koulianos also completed a mental residual functional capacity assessment in which she indicated that Fields was moderately limited in her ability to do the following:  understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; and respond appropriately to changes in the work setting (Tr. 442-45).  The Psychologist went on to indicate that Fields could understand, remember, and carry out short, simple instructions and could concentrate for two-hour periods (Tr. 444).

    This concludes the relevant evidence of record.

    In bringing this action, Fields first claims that the ALJ did not properly consider the evidence rendered by a consultative Psychologist; Plaintiff references the exam by Psychologist Tocci (Doc 13, pp. 4-6).  The Court notes that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."

*Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[3] *see also* 20 C.F.R. § 404.1527 (2014).  The Court further notes that the ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  Social security regulations provide the following instruction:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible."  It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms.  The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p (Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims:  Assessing the Credibility of an Individual's Statements).

In his determination, the ALJ summarized all of the medical evidence before stating the value he gave that evidence (Tr. 20-

---

[3] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

29). He discounted Fields's testimony, finding that she was not a credible witness (Tr. 25, 28-29), a finding that goes unchallenged in this action. The ALJ gave Psychologist Tocci's opinions little weight, stating two particular reasons:

> First, [the] opinion lacks specificity as to the Claimant's actual functional limitations; it does not expound on whether "would have difficulty" means the Claimant has mild, moderate, or marked limitations in these areas and whether she is otherwise employable. Second, Dr. Tocci's opinion is contrary to the record demonstrating no current psychological or psychiatric treatment. The Claimant testified she takes no depression or anxiety medication. The claimant testified she has sought no inpatient care. She is aware of low-cost/no-cost mental health clinic in her area, yet she has chosen not to seek treatment.

(Tr. 27). The ALJ gave Psychologist Koulianos's opinions significant weight (Tr. 26-27).

The Court finds substantial support for the ALJ's determination that Tocci's opinions deserved little weight. While the ALJ correctly notes that the Psychologist did not set out precisely her conclusions regarding Fields's abilities, the more relevant reason for rejecting them is the total lack of support for her conclusions anywhere else in the record. The only evidence of any mental health issues comes from Dr. Tocci following a one-time examination. There is no evidence that Fields complained of mental health issues to her treating

7

sources; there is also no evidence that she took medications or sought out any sort of treatment for these impairments (*see* Tr. 57).  Dr. Tocci's conclusions cannot be reconciled with the failure of any other evidence.

Fields also claims that the ALJ did not properly develop the record.  More specifically, Plaintiff argues that because the ALJ rejected Tocci's opinions for failing to be specific, he should have sought additional evidence to complete the record (Doc. 13, pp. 7-8).  The Eleventh Circuit Court of Appeals has required that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

However, the Court notes that the burden is on the claimant to prove that she is disabled.  *See* 20 C.F.R. § 404.1512(a) (2014); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  Plaintiff has not met this burden.  The Psychologist's conclusions, considered in a light most favorable to Fields, do not support a finding of disability.  Clarification from Tocci about the degree of difficulty Plaintiff experienced would have enjoyed no more support than is already in the record; the ALJ's finding that Fields was able to work would have remained intact.  This claim is of no merit.

Fields has raised two different claims in bringing this

8

action.  Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 21st day of January, 2015.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE